C. P. DICKSON v. FOGARTY BROTHERS TRANSFER, INC., AND RALEIGH BONDED WAREHOUSE, INC.

(Filed 11 November, 1953.)

**Appearance § 2a—**

An appearance by a nonresident defendant in claim and delivery proceedings in which such defendant requests that the action be dismissed for want of jurisdiction and further prays that plaintiff be required to make restitution of the property retained under the claim and delivery or that defendant recover on plaintiff's bond for its retention, *is held* a general appearance notwithstanding defendant's denomination of the appearance as special, and such appearance waives any defect in the jurisdiction of the court for want of service of summons.

APPEAL by plaintiff from *Harris, J.,* at July Civil Term, 1953, of WAKE.

Civil action, invoking ancillary remedy of claim and delivery, for recovery of personal property, and for damages for wrongful detention of it. Article 36 of Chapter One of General Statutes.

Plaintiff alleges in his complaint substantially the following: That on 14 August, 1952, he employed defendant Fogarty Brothers Transfer,

Inc., to move certain machinery and other things from Tampa, Florida, to Henderson, N. C., and to deliver same at Henderson on a certain date, at which time he, the plaintiff, expected to be there, and settle with defendant Transfer, Inc.; that the shipment of freight arrived in Henderson, N. C., three days ahead of time, and he, plaintiff, was not there to receive it; that, then, without plaintiff's knowledge or direction, defendant Transfer, Inc., refused to unload the freight, but stored same with defendant Raleigh Bonded Warehouse, Inc., in Raleigh, N. C., and did not notify plaintiff where it was stored; that defendant Transfer, Inc., charged excessive freight rate in amount stated; that plaintiff has tendered the correct amount of transportation charges to · defendant Transfer, Inc.; that defendant Transfer, Inc., has breached the agreement to deliver the freight at Henderson, N. C., as above set forth, and in charging excessive rate for transporting the freight, to plaintiff's damage as specified; and that defendant Raleigh Bonded Warehouse, Inc., has said property in its possession, and plaintiff has caused claim and delivery to be issued for same.

And the statement of case on appeal recites that this action and claim and delivery were instituted in Superior Court of Wake County on 25 September, 1952; that summons and claim and delivery were served on the Bonded Warehouse, and the property was turned over to the sheriff, and, in due course, to the plaintiff; that the sheriff returned the summons endorsed, "after due and diligent search, the defendant, Fogarty Brothers Transfer, Inc., is not to be found in Wake County (said defendant being a foreign corporation located in the State of Florida)"; that complaint was filed on the date of issuing summons, and copies mailed by the clerk of the court to defendant at its mailing address in Florida as the record shows; that upon the seizure and delivery of the property to plaintiff, a judgment was signed as to defendant Bonded Warehouse; that defendant Fogarty Brothers never appeared or filed answer; but that thereafter on 22 June, 1953, said defendant made a purported special appearance and filed the motion set out in the record, to which plaintiff answered and moved to dismiss it on the ground that defendant alleged, and asked for affirmative relief, which in law constituted a general appearance.

In this connection the record discloses that the document filed by Fogarty Brothers Transfer, Inc., was styled "Special Appearance . . . and motion to dismiss with restitution." It begins as follows: "Now comes the defendant Fogarty Bros. Transfer, Inc., and enters a special appearance solely for the purpose of making this motion, and upon such appearance respectfully shows to the court"; and it ends with this motion: "Wherefore, the defendant, Fogarty Brothers Transfer, Inc., moves the court: 1. That this action be dismissed, with costs to be paid by the plaintiff. 2. That the plaintiff be ordered to make restitution to the

defendant Fogarty Brothers Transfer, Inc. of the property taken under the claim and delivery in this action, together with compensation for depreciation and injury to said property; that if the said property cannot be restored to the defendant, Fogarty Brothers Transfer, Inc., that the plaintiff be held liable on his undertaking in said proceedings for the damages thus caused to the defendant, Fogarty Brothers Transfer, Inc., including, but not limited to the total proper freight charges, plus the waiting time caused by the plaintiff in delaying delivery of the property transported, together with interest on such amounts from August 18, 1952."

The motion so made came on for hearing pursuant to notice before Harris, Resident Judge of Seventh Judicial District on 17 July, 1953, who, after reciting that "it further appearing that plaintiff has filed this action and obtained property from the lawful possession of the defendant Fogarty Brothers Transfer, Inc., under claim and delivery proceedings ancillary to the principal action, all without having the said defendant served in said action and without seeking to obtain such service under the methods provided by law in such cases, and that the time for obtaining service on the said defendant in this action has expired," ordered, adjudged and decreed :. (1) that the action be dismissed, and (2) "that the plaintiff make restitution to the defendant Fogarty Brothers Transfer, Inc., of the property taken under claim and delivery proceedings in this action at the place from which it was taken; and if the said property cannot be restored to the defendant in substantially the same condition it was in when taken, or if it will not bring on sale substantially the same price it would have brought when taken from the defendant, then the plaintiff shall be liable on his undertaking in said claim and delivery proceedings for the damages thus caused the said defendant."

Plaintiff excepted to the judgment, and appeals therefrom to Supreme Court and assigns error.

*S. J. Bennett for plaintiff, appellant.*
*Allen & Hipp for defendant Fogarty Brothers Transfer, Inc., appellee.*

WINBORNE, J. This is the question: Was the appearance made by defendant Fogarty Brothers Transfer, Inc., a special appearance, as it purported to be, or was it a general appearance? This Court holds that it exceeds the purposes for which a special appearance may be had, and was, in law, a general appearance. And a general appearance waives any defects in the jurisdiction of the court for want of service of summons. The case of *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848, 25 A.L.R. 2d 818, in so far as it relates to the subjects of special and general appearances, is decisive of the question here. What is so recently said there is controlling here, and need not be repeated.

Decisions cited and relied upon by appellee have been duly considered, and are found to be inapplicable to the situation in hand.

Hence the judgment rendered, and from which this appeal is taken, is erroneous and will be, and it is hereby set aside, and the cause is remanded for further proceedings as to right and justice appertain, and as the law provides. Defendant Fogarty Brothers Transfer, Inc., will be allowed thirty days from the date this opinion is certified to Superior Court in which to demur or answer. G.S. 1-125.

Error and remanded.